

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable K. D. Hall
County Attorney, Refugio County
Refugio, Texas

Dear Sir:

Opinion No. O-5998
Re: Whether the Commissioners'
Court of Refugio County is
legally permitted to pay
office rent for the County
Attorney and another matter.

Your letter of May 2, 1944, requesting the opinion of this department on the questions stated therein is, in part, as follows:

"* * * *

"1. Is the Commissioners' Court of Refugio County permitted to pay office rent for the county attorney when no office is furnished the county attorney?

"2. Is the Commissioners' Court permitted to pay an ex-officio salary to the county attorney, in which event, would the county attorney still be permitted to retain his fees of office as long as the ex-officio salary and the fees do not exceed the maximum such county attorney is permitted to retain under the present law?

"* * * *"

With reference to your first question, your attention is directed to our Opinion No. O-2384. Under Section 2 of Article 3899b, as amended, the commissioners' court is not required to furnish suitable offices, furniture, stationery and blanks necessary in the performance of the duties of the county attorney, but such matters are left entirely within the discretion of the commissioners' court. Therefore, in answer to your first question, you

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTA

are respectfully advised that it is the opinion of this department that the Commissioners' Court of Refugio County is legally authorized to pay office rent for the County Attorney, if the Commissioners' Court desires to pay such rent. However, as heretofore stated, this matter is left entirely within the discretion of the Commissioners' Court.

We now consider your second question. The county officials of Refugio County are compensated on a fee basis. With reference to ex-officio compensation of the County Attorney where the County Attorney is compensated on a fee basis, and the compensation and excess fees which he is allowed to retain does not reach the maximum provided for in Article 3883 and Article 3891, Vernon's Annotated Civil Statutes, the Commissioners' Court may legally allow compensation for ex-officio services when, in their judgment, such compensation is necessary; provided, such compensation for ex-officio services allowed does not increase the compensation of said County Attorney beyond the maximum compensation and excess fees allowed to be retained by him under the two above mentioned statutes. Provided, the ex-officio compensation as authorized by Article 3895, Vernon's Annotated Civil Statutes, shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court. Specifically answering your second question, you are advised that it is our opinion that the Commissioners' Court is legally authorized to pay an ex-officio compensation to the County Attorney in accordance with the statutes heretofore mentioned, and the County Attorney is legally permitted to retain his fees of office as long as the ex-officio salary and the fees authorized by the foregoing statutes do not exceed the maximum such County Attorney is permitted to retain under said statutes.

In connection with your second question, we direct your attention to our Opinions Nos. 0-1849 and 0-1852. Copies of all the above mentioned opinions are enclosed herewith for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant



AW:EP